## PAHL, ET AL. v. COUNTY BOARD OF APPEALS OF BALTIMORE COUNTY, ET AL.

[No. 129, September Term, 1964.]

*Decided January 7, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-
BURY, SYBERT and OPPENHEIMER, JJ.

*Harry S. Swartzwelder, Jr.,* for appellants.

No brief and no appearance for appellee.

MARBURY, J., delivered the opinion of the Court.

In this case, neighboring property owners appealed from an
order of the Circuit Court for Baltimore County affirming the
action of the County Board of Appeals in granting an applica-
tion for the rezoning of a tract of approximately eleven acres
of land in the Liberty Road area of the Second Election Dis-
trict of Baltimore County from R-6 to R-A. The R-6 zone in
Baltimore County is for one or two-family residential use, with

an area of 6,000 square feet for a one-family dwelling and of 10,000 square feet for a two-family dwelling. The R-A zone is for residential use as apartments.

The original application for reclassification of the subject tract was filed August 23, 1962, which alleged as the sole ground for reclassification error in the comprehensive zoning map. This application was denied by the Zoning Commissioner who found that there was no showing of error committed by the Baltimore County Council in the adoption of the zoning map. From this order, an appeal was taken to the County Board of Appeals of Baltimore County; and on August 13, 1963, the Board, with two members sitting, granted the reclassification. On September 6, 1963, a petition and order for appeal was filed by the protestants in the Circuit Court for Baltimore County. Thereafter, on September 11, the Board notified all parties of the filing of this petition and order, but no answer or petition to intervene was filed by the applicants. The case was heard by Judge Turnbull on April 9, 1964, where objection was made by counsel for the protestants to hearing argument. This objection was overruled and the court below affirmed the order of the County Board of Appeals.

The property here in question is roughly rectangular in shape. Using Liberty Road as a true east-west thoroughfare, the tract lies to the north of Hilmar Road at a distance of some 1330 feet north of Liberty Road. Hilmar Road to the south of the subject tract (where some of the protestants own property) is developed on both sides with individual homes ranging in value from $15,000 to $25,000. To the west of the property in question, there is a similar neighborhood street known as Clifmar Road. Approximately 300 feet to the north of the subject property is undeveloped land zoned R-6 which is traversed by a stream known as the Scotts Level Branch and where is located a Baltimore County flood control area. To the east of the property is undeveloped land zoned R-A at the time of the adoption of the comprehensive rezoning map by the County Council on November 15, 1962. Prior to the adoption of this zoning map, both the subject property and the tract to the east had been recommended for R-6 zoning by the Planning Department of Baltimore County. However, the Baltimore County

Council rejected this recommendation for the tract to the east. It is significant to note here that from an examination of the record, the planning staff was aware of this change in zoning but did not feel that this was a legitimate reason to change the classification of the subject property.

The appellants on this appeal contend that the applicants in seeking reclassification did not meet the heavy burden of proof required of them to establish that the comprehensive rezoning map was erroneous. We agree. Under the well established rule in Maryland, "* * * there is a strong presumption of the correctness of original zoning and of comprehensive rezoning, and that to sustain a piecemeal change therefrom, there must be strong evidence of mistake in the original zoning or in the comprehensive rezoning or else of a substantial change in conditions." *Shadynook Imp. Assn. v. Molloy,* 232 Md. 265, 269-70, 192 A. 2d 502. See also *Greenblatt v. Toney Schloss,* 235 Md. 9, 200 A. 2d 70.

In the case before us, three witnesses were produced below to support the claim of error. The property owner, Carl Julio, and a surveyor, Allan Evans, who was not an engineer, testified that the development of the property within the R-6 classification was not economically feasible by reason of its topography and rock content even though they admitted no test borings had been made. We have held that unsupported general claims of economic unfeasibility of existing zoning will not require a change in zoning status. *DePaul v. Board of County Commrs. for Prince George's County,* 237 Md. 221. Other claims of error in the zoning of this land rest upon the testimony of a real estate broker, J. Walter Jones, who testified: (a) that it is more logical to continue the zoning line to the improved areas; (b) that there is no reason that a zoning line should be a property line; (c) that there is a need for apartment zoning within the area covered by this comprehensive zoning map, and that the required change would not adversely affect the surrounding property; and (d) that the Baltimore County Council zoned the land adjacent to the east and then made no further study of the applicants' property.

The first two elements of Jones' testimony are similar and will be considered together. If we accept his argument that it is

more logical to continue the zoning line to the improved areas and that there is no reason that such line should be a property line, we would countenance terminating a classification only where it abutted existing improvements. However, we think that these are only some of the elements to be considered and that it is more logical that such a zoning line be placed after considering topography and other zoning factors. We have held in the past and repeat that in zoning a line of demarcation must be drawn somewhere. *Greenblatt v. Toney Schloss, supra; Shadynook Imp. Assn. v. Molloy, supra.*

The claim that there is a need for additional apartments in this area (which is disputed) fails to show anything more than that an R-A use would be more profitable than an R-6 use. The R-A land to the east of the subject property has not been built on. The mere fact that a property owner can make a greater profit by developing in one classification than in another does not in and of itself deprive him of the reasonable use of his land in the constitutional sense. *DePaul v. Board of County Commrs. for Prince George's County, supra,* and cases therein cited.

Apparently the main reliance by the Board in its opinion was the testimony of Mr. Jones to the effect that the County Council, after zoning the property to the east of the subject tract in the R-A classification, did not carry the zoning over to include this property and gave no further consideration to the property in question. The record is not clear that the Baltimore County Council failed to consider the zoning of the subject property when the tract to the east was zoned, but assuming that this was true, it does not follow that the zoning of the property to the east made it mandatory to zone that here concerned to R-A. *Shadynook Imp. Assn. v. Molloy, supra; Renz v. Bonfield Holding Co.,* 223 Md. 34, 158 A. 2d 611.

We hold that the burden resting upon the applicants to show error on the part of the legislative body, the County Council, in the comprehensive rezoning applicable to the property here involved has not been met, so that on this ground we must reverse the order of the Circuit Court, and remand the case with directions to reverse the action of the Board of Appeals and

to reinstate the action of the Zoning Commissioner, which denied the applicants' application for reclassification.

Finally, the appellants claim that the trial court erred in permitting oral argument by counsel for the applicants where no answer to the petition for appeal or no petition to intervene had been filed on behalf of the applicants prior to the argument in the court below pursuant to Maryland Rule B9. While we do not condone the practice followed in the trial court and the overruling of the appellants' objection to hearing oral argument without compliance with this procedural rule, since the appellants concede that no prejudice resulted we see no need to further pursue the matter.

*Order reversed and case remanded for further proceedings in accordance with this opinion; the costs to be paid by the applicants Carl and Edward Julio.*