## SAMPSON BROTHERS (MD.), INC. *v.* BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY

[No. 424, September Term, 1964.]

*Decided September 29, 1965.*

*Blair H. Smith,* with whom was *Charles T. Finley* on the brief, for the appellant.

*Lionell M. Lockhart,* with whom were *Robert B. Mathias, Harry L. Durity, Joseph S. Casula* and *R. Ronald Sinclair* on the brief, for the appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Sampson Brothers (Md.), Inc. (owner) as owner of 37 acres of land situated on the northerly side of St. Barnabas Road adjacent to Eastover Knolls and Birchwood City, Oxen Hill, Prince George's County, Maryland, filed petitions on June 7, 1963 with the Maryland National Capital Park and Planning Commission (Planning Commission) requesting a zoning reclassification from an R-R (rural residential) zone to R-18 (multiple-family, low density residential) zone of two parcels as follows:

Petition A-5031—14.7098 acres more or less.

Petition A-5032—22.32 acres more or less.

Between the two parcels is a substantial area which was already zoned R-18. The parcel involved in Petition A-5031 is bounded on the north by lots subdivided for individual homes

in an R-55 (single family residential) zone, on the south by St. Barnabas Road and a Hebrew Cemetery, on the east by a proposed school site and on the west by the tract already zoned R-18.

The parcel involved in Petition A-5032 is bounded on the north by Mystic Drive (as proposed), on the south by St. Barnabas Road, on the east by the tract already zoned R-18 and on the west by new individual homes under construction and a 15 acre site for a proposed school.

In the Master Plan of the Henson Creek Watershed adopted May 15, 1963 (less than one month before the petitions were filed by the owner), the two parcels were placed in an R-55 zone.

The Technical Staff of the Planning Commission filed their reports on both petitions on October 2, 1963. In both reports denial of the applications was recommended. It was pointed out in the reports that in the Master Plan for the Henson Creek Watershed R-80 zones were proposed for the two parcels, there was no evidence to indicate an error in the original zoning, and there had been insufficient change in the character of the area since the plan was adopted on May 15, 1963 to justify favorable consideration of the requested reclassification. The Technical Staff set out various reasons for its conclusions.

The Planning Board, however, on October 2, 1963 recommended approval on Petition A-5031 on the ground that there had, in its opinion, been sufficient change in the character of the area to justify reclassification and the requested rezoning would be a reasonable extension of the existing R-18 zoning. In regard to Petition A-5032, the Planning Board at first disapproved the application on October 2, 1963, but on November 20, the Board rescinded this action and approved it for 14.65 acres. Later, on January 8, 1964, the Planning Board rescinded this action and approved it for 13.79 acres and still later on February 5, 1964, rescinded its previous action and approved the application, provided certain rights-of-way for public roads be withheld. The final conclusion of the Planning Board, therefore, was favorable upon Petition A-5032 as well as upon Petition A-5031.

At the hearing on the two petitions held before the Board

of County Commissioners for Prince George's County, sitting as the District Council (District Council), expert testimony was produced and documentary evidence was offered by the applicants indicating various reasons why the residential reclassification should be granted. The Birchwood City Community Association opposed the reclassification and its spokesman at the hearing asked those present who were opposed to stand. They did this. The Chairman had counsel for the District Council explain to those present that the District Council did not decide zoning cases in accordance with a plebiscite.

On April 28, 1964, the District Council disapproved the applications, giving its reasons for the disapproval. On appeal to the Circuit Court for Prince George's County, Judge Powers, on October 23, 1964, rendered an oral opinion in which he stated:

> "The Court concludes it is not necessary to go beyond the Technical Staff Reports, which are in the case as part of the record, to find that the question of substantial change is fairly debatable, and thus the conclusions reached by the District Council in denying the applications were within the proper area of their discretion and not arbitrary, capricious or illegal.
>
> "So that in this case, with respect to both applications, the reasons that the Technical Staff Reports indicate—which certainly should be given serious consideration and are to be evaluated as having substance —that the changes in the character of the neighborhood are not such as to warrant a change in zoning classification, notwithstanding the favorable action by the Planning Board thereafter, the Court feels that that question is clearly within the area of debatability and, therefore, clearly within the discretion of the District Council making a determination and that this discretion was not abused in concluding there had not been sufficient change."

We agree with the lower court's conclusion. The test is whether the action of the District Council in disapproving the applications and in *declining to reclassify* as requested in the

petitions was arbitrary, unreasonable and capricious. *Muhly v. County Council for Montgomery County,* 218 Md. 543, 546, 147 A. 2d 735, 738 (1958). *Ellicott v. City of Baltimore,* 180 Md. 176, 184, 23 A. 2d 649 (1942). We have held that if the issues before the District Council are fairly debatable its action in declining to rezone is not arbitrary, unreasonable and capricious. *Muhly v. County Council for Montgomery County, supra; Conley v. Montgomery County,* 216 Md. 379, 383, 140 A. 2d 525 (1958); *Montgomery County v. Scrimgeour,* 211 Md. 306, 312, 127 A. 2d 528 (1956). This was the situation in the case at bar.

This case is to be distinguished from *Board of County Commissioners of Prince George's County v. Oak Hill Farms,* 232 Md. 274, 192 A. 2d 761 (1963) as in that case the disapproval of the Technical Staff was based upon a *tentative* master plan which it had prepared, but which had not been adopted and indeed never was adopted as proposed. In *Oak Hill Farms* there was *no* competent, material and substantial evidence to support the District Council's refusal to reclassify and the Circuit Court so held. In the case at bar the Master Plan *had been adopted*— less than one month before the petitions were filed—and it was clearly debatable as to whether there was any substantial change in conditions to justify a change contrary to that recently adopted Master Plan.

The trial court did not pass upon the constitutionality of the provision in Section 79 of the Act of 1950, now Subsection 59-85 (i) of the County Code giving the Circuit Court the power to reverse if it finds the decision of the District Council to be "against the *weight* of competent, material and substantial evidence in view of the entire record, as submitted by the agency" (emphasis supplied) and did not pass upon the question of the weight of the evidence before the District Council. We do not deem it necessary to pass upon this issue.[1] See Maryland Rule 885.

---

1. We have heretofore declined to pass upon the constitutional issue in Bishop v. Board of County Commissioners of Prince George's County, 230 Md. 494, 500, 187 A. 2d 851 (1963), Board of County Commissioners of Prince George's County v. Oak Hill Farms, Inc., 232 Md. 274, 277, 192 A. 2d 761 (1963), Board of County Commissioners of Prince George's County v. Levitt &

As we have indicated there was substantial evidence to justify the District Council's disapproval of the requested reclassifications. The evidence does not indicate that its decision was based upon a plebiscite of opposing neighboring property owners. Cf. *Benner v. Tribbitt*, 190 Md. 6, 57 A. 2d 346 (1958).

> *Order affirmed, the appellant to pay the costs.*

Sons, 235 Md. 151, 200 A. 2d 670 (1964) and in MacDonald v. Board of County Commissioners for Prince George's County, 238 Md. 549, 210 A. 2d 325 (1965).