BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY ET AL. *v.* KAY ET AL.

(Two Appeals in One Record)

[No. 34, September Term, 1965.]

*Decided December 16, 1965.*

The cause was argued before HAMMOND, MARBURY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*Lionell M. Lockhart,* with whom were *Robert B. Mathias, Joseph S. Casula, Harry L. Durity* and *R. Ronald Sinclair* on the brief, for the appellants.

*Blair H. Smith,* with whom were *Heiskell R. Gray* and *Richard E. Painter* on the brief, for the appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

This zoning appeal was regarded by Judge Bowie, in the Circuit Court for Prince George's County, as a companion case to *Board of County Comm'rs for Prince George's County v. Edmonds,* 240 Md. 680, 215 A. 2d 209 (1965), filed today. As Judge Bowie pointed out, the property here involved is contiguous with the property in *Edmonds* and the applications for the rezoning in this case were heard before the Council on the same day as the application in *Edmonds.* Judge Bowie made the same ruling in *Edmonds* as to the legal effect of the master plan adopted by the Planning Commission as Judge Loveless made in this case. However, in the argument on this appeal, the appellees, the Kays, concede that, as we held in *Edmonds,* the conclusion of the lower court as to a presumption of a mistake in or a change in conditions by reason of the Commission's adoption of a master plan after the original zoning of the Council is incorrect. Here, the appellees rely upon the contention that the decision of the Council denying the applications was unsupported by competent, material and substantial evidence, in view of the entire record, and that the decision of the court below, reversing the Council's action, should be affirmed on that ground alone.

The Council contends that the issue before it was fairly debatable and that, on the evidence, a reasoning mind could have found, as the Council did, that there was not sufficient change in conditions to grant the petitions for rezoning. The Kays' counter-contention is couched in the pertinent language of Laws of Maryland 1959, ch. 780, § 1 subsec. 79, codified in Section 59-85 (i) (5) and (6) of the Prince George's County Code.[1] We have heretofore declined to pass upon the constitutionality of these provisions, *Sampson Brothers (Md.), Inc. v. Board,* 240 Md. 116, 213 A. 2d 289 (1965) footnote 1 and authorities therein cited, and find it unnecessary to do so now. As in *Board*

---

1. Laws of Maryland 1965, ch. 898, eliminated Section 59-85 (i) (6) which provided that the court may reverse or modify the decision of the Council if the administrative decision was against the weight of competent, material and substantial evidence in view of the entire record. This amendment is effective June 1, 1965.

*of County Comm'rs of Prince George's County v. Levitt & Sons, Inc.*, 235 Md. 151, 157-160, 200 A. 2d 670 (1964), we assume, *arguendo*, the constitutionality of the provisions. We find the Council's action was supported by, and not against, the weight of competent, material and substantial evidence in view of the entire record as submitted; that the action was not clearly erroneous; and that the issue before the Council was fairly debatable.

The Kays own three parcels of land consisting of a little over fifteen acres situated along New Wheeler Road, approximately one-half mile from the District of Columbia. All three parcels are zoned R-R (rural residential) in the zoning map adopted by the Council in 1949. In July, 1962, the Kays filed three applications requesting reclassification of each of the properties to the R-18 zone (multiple-family, low density residential). Two of the petitions, A-4507 and A-4508, were for the rezoning of the two parcels, with a total of almost nine acres, fronting on the "southwest" side of Wheeler Road. The third petition, A-4509, was for the rezoning of the third parcel, of about six and two-thirds acres, fronting on the "northeast" side of Wheeler Road. The Technical Staff of the Planning Commission recommended approval of the first two petitions with a minor exception not here material, and denial of the third, with a suggestion that most of that parcel may be favorably considered for reclassification to the R-80 zone. The recommendations of the Staff were based upon the master plan adopted by the Commission in 1963 for the Henson Creek Watershed, the nature and legal effect of which were considered in *Edmonds*. The Commission, in substance, approved its Staff's recommendation. A public hearing, at which testimony was taken, was held before the Council on the same day as, but independently of, the hearing on the Edmonds' application. The Council disapproved all three applications, giving as reasons for its disapproval of the first two petitions that no need appeared for the rezoning and that there had been no change to justify a reclassification. The Kays appealed the Council's action to the Circuit Court for Prince George's County. Judge Loveless decided the appeal on the record before the Council; he affirmed the Council's action in denying the petition, A-4509, for the rezoning of the

parcel on the northeast side of Wheeler Road, but reversed the order which denied the other two petitions. The Council and one of the property owners who had opposed the rezoning before the Council appealed. The Kays entered no appeal as to the affirmance of the Council's denial of the application for the third parcel, and that action, therefore, is not before us.

In his opinion, Judge Loveless first invoked the presumption of a change or mistake in the original zoning by reason of the adoption of the master plan which, in *Edmonds,* we have found to be in error. The Judge then said:

> "The reasons given in opposition are unsupported by sound reasoning and logic and are predicated solely on the theme that residents are opposed to apartment zoning. The other points such as schools and roads are completely repudiated and here again we have a situation of testimony without evidence.
>
> "We can see from the record, especially from the technical staff of the Park and Planning Commission and from the Commission itself that there was a basis for the District Council to disapprove application A-4509. However, as to the remaining two parcels on the .southwest side in view of the entire record as submitted we do not see how a reasoning mind could have disapproved them."

Our examination of the record brings us to the contrary conclusion.

The Planning Commission and its Technical Staff erroneously took the Commission's master plan, not as a long-term advisory guide for the future, but as though it were the existing comprehensive zoning. The experts who testified for the Kays before the Commission were not the same persons who appeared for Edmonds the same day, but, like the Edmonds' experts, they predicated their views as to the need and desirability for the requested rezoning upon its conformance with the plan. There was no evidence of mistake in the zoning map adopted by the Council in 1949. On the issue of whether or not there had been a change in conditions since 1949, the testimony of the experts rested largely upon the commercial zoning in the Dis-

trict of Columbia, some 2000 feet away, and rezoning for apartments some 500 feet west of the subject property. As was brought out in *Edmonds*, the parcel of some 80 acres was rezoned for apartment use in 1951 and is still undeveloped.

The argument of the Kays that there was no evidence to controvert their contention of substantial change is answered by their own exhibit which shows the subject properties and the zoning reclassifications in the area made since 1949. That exhibit shows the properties here involved to be completely surrounded by rural and single family zoning. That fact was supported in the testimony. There was also testimony, by opponents of the rezoning, as to present congestion of traffic in the area. Whatever may be the development of the area involved in future decades, to which the master plan looks, there was ample reason on the evidence for the Council to find, as it did, that the proposed reclassification would constitute piecemeal rezoning unjustified by present conditions.

The testimony on behalf of the Kays that the proposed rezoning would be the most appropriate use for the property does not justify the proposed rezoning; as we said in *Edmonds* and have often said before, it is not the financial benefit or even pecuniary hardship to the property owner which is determinative. The testimony that development of the property for single family houses was not "economically feasible" was unsupported by specific factual data; general conclusions of this sort, even of experts, do not show that the zoning constitutes an illegal taking. *Mayor and City Council of Baltimore v. Borinsky*, 239 Md. 611, 622-625, 212 A. 2d 508 (1965).

The Kays cite *Beall v. Montgomery County Council*, 240 Md. 77, 212 A. 2d 751 (1965) in support of their contention that their requested reclassification was compatible with the existing zoning. In *Beall*, the application was to rezone the property to the newly created R-H zone, which we found to be a residential zone compatible with existing residential zones. The County Council had approved the application, after favorable recommendations from the Planning Commission and its Technical Staff. We affirmed the order of the Circuit Court for Montgomery County dismissing the appeal from the Council's order. Judge Barnes, for the Court, said that the new R-H zone

has some of the qualities of the so-called "floating zone" and that the proposed change did not constitute piecemeal rezoning. The case is not here apposite.

*Order reversed, and case remanded for the entry of an order affirming the action of the Council; appellees to pay the costs.*