## BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY ET AL. *v.* EDMONDS ET AL.

(Two Appeals in One Record)

[No. 15, September Term, 1965.]

*Decided December 16, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

*Lionell M. Lockhart,* with whom were *Robert B. Mathias, Joseph S. Casula, Harry L. Durity* and *R. Ronald Sinclair* on the brief, for the appellants.

*Sherman W. West,* with whom were *Marion E. West, H. Robert Venables, Melvin D. Hill* and *West & Venables* on the brief, for the appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

This zoning appeal involves the questions of whether, once a master plan has been adopted by the Maryland-National Capital Park and Planning Commission (the Commission) for an

area in Prince George's County which recommends land use different from uses permitted by present zoning for such area, a presumption arises of a change in conditions or of a mistake in the original zoning, and whether, thereafter, the burden is on those opposing a reclassification in accordance with the master plan to show that such a change has not occurred or that there was no mistake.

The appellees applied for a zoning reclassification of some 23 acres in the Henson Creek Watershed from the R-R zone (rural residential) to the R-18 zone (multiple-family, low-density residential). The zoning map adopted in 1949 by the Board of County Commissioners of Prince George's County, sitting as a District Council for the Prince George's County portion of the Maryland-Washington Regional District (the Council) had zoned the property in question as R-R. In 1963, the Commission adopted a master plan for the Watershed which recommended the equivalent of R-18 zoning for most of the subject property. On the basis of the master plan, the Technical Staff of the Commission's Prince George's County Regional Office recommended that the application for the rezoning be approved, with an exception as to a small portion thereof not here material, and on the same day the Commission adopted a resolution substantially in accordance with the Technical Staff report. A hearing was held before the Council, which denied the application, "because in view of the existing 80 acres, more or less, of undeveloped apartment zoned land in the general area, there does not seem to be a need; also, multi-family development along Briarfield Road would not be compatible with the existing development pattern of the last few years, nor has there been any change or indication of change."

An appeal was taken to the Circuit Court for Prince George's County. Judge Bowie, in that court, stated that he concurred in the reasoning of Judge Loveless in *Board of County Comm'rs for Prince George's County v. Kay*, 240 Md. 690, 215 A. 2d 206 (1965), and a prior case. The property involved in *Kay* is contiguous with the property in the instant case; the applications were heard at the same time before the Council, and, in Judge Bowie's opinion, there were the same basic facts and testimony before the Council in both cases. The appeal from

Judge Loveless's decision in *Kay* was argued before us shortly after the argument in this appeal.

## I

The gravamen of the decision of the lower court in this appeal, as to the effect of the adoption of the master plan, is set forth in Judge Loveless's opinion in *Kay,* as follows:

> "This court has held when a Master Plan for an area is approved and adopted, which recommends zoning different from that existing, that for such areas a presumption arises [that] a change or a mistake exists in the original zoning. Thereafter the burden is on those opposing a reclassification, in line with the Master Plan, to show that such a change has not occurred or that there was no mistake."

We do not agree.

Rezoning by comprehensive plan is a legislative function *Board of County Comm'rs of Prince George's County v. Levitt & Sons, Inc.,* 235 Md. 151, 158, 200 A. 2d 670 (1964) and cannot be delegated except upon express authority. *Vestry of St. Mark's Episcopal Church v. Doub,* 219 Md. 387, 392, 149 A. 2d 779 (1959) and authorities therein cited. Here, the Council is the legislative body in zoning matters designated by the General Assembly. Under this authority, the Council has adopted a comprehensive zoning plan, under which the property here involved is zoned R-R.

The master plan upon which the lower court relied in its conclusion that the burden of proof to show a mistake or material change had shifted to the opponents of a proposed rezoning in accordance with the plan was adopted pursuant to Laws of Maryland 1959, ch. 780, § 1, subsec. 63 as amended, Laws of Maryland 1963, ch. 647, § 1 and ch. 816, § 1. (Prince George's County, Code § 59-68 (1963), (the Act).[1]) The Act authorizes the Commission to adopt a general plan for the district, after study and a public hearing. It provides that any plans "now adopted shall remain effective" and any plan pending before the

---

1. The Act was further amended by Laws of Maryland 1965, ch. 898, effective June 1, 1965.

Commission on June 1, 1963 shall be approved, disapproved or referred back to the Commission by the Council within nine months; otherwise it is to be considered as an approved plan for the future development of the district. Subsection 65 of the Act (Prince George's County, Code § 59-70 (1963)) provides that the making of the general plan shall be with the purposes of guiding and accomplishing a coordinated, comprehensive, adjusted, and systematic development of the Regional District, the coordination and adjustment of said development with public and private development of other parts of the State of Maryland and of the District of Columbia, and the protection and promotion of the health, safety, morals, comfort, and welfare of the present and future inhabitants of the Regional District.

The master plan here involved was adopted by the Commission on May 15, 1963. The parties are in disagreement as to whether, under the Act, the plan was effective at the time of the Council's hearing on the appellees' petition for rezoning on October 16, 1963. Assuming, however, that the plan was in effect when the petition was filed and the Council held its hearing, that plan was only a guide for the Council for the long-range future; its adoption did not supplant the Council's responsibility to make its own decisions. Nor did the master plan take the place of the comprehensive zoning previously adopted by the Council.

In *Vestry of St. Mark's, supra,* the appellants had attacked the validity of a resolution by which the County Commissioners of Baltimore County adopted a new zoning map for a district, thereby changing the classification of a certain lot from residential to business. We affirmed the decree of the lower court dismissing the bill. One of the appellants' complaints was that the Zoning Commissioner amended his report on the proposed zoning map after he had held the public hearing required by the County Code. The appellants contended that the report as considered at the public hearing was final as to the residential zoning of the subject property and that the Zoning Commissioner (and by inference the County Commissioners) could not thereafter make any changes except upon notice to the interested parties. In dismissing the appellants' contention, we cited cases from other jurisdictions holding that planning commissions

(like the Baltimore County Zoning Commissioner) were but advisory bodies to the legislative body, and said: "The Zoning Commissioner could not, under the law, act otherwise than as a fact finder and adviser in respect to any property embraced within the comprehensive plan." 219 Md. at 392-93.

*Board of County Comm'rs for Prince George's County v. Meltzer*, 239 Md. 144, 210 A. 2d 505 (1965), is closely in point on the issue here considered. In that case, the appellees had filed a petition for review by the Circuit Court for Prince George's County of the action of the Council which denied their application for reclassification of a parcel of land from rural residential to multiple-family residential. The application was supported by the Planning Board and its Technical Staff's report which predicted that the area involved would be one of the fastest growing fringes of the District of Columbia and referred to anticipated increases in population, construction of new roads and a proposed school. The lower court reversed the action of the Council, but we reversed the court's order. While the appeal to the Circuit Court was pending, the parties stipulated that, after the denial by the Council, the Park and Planning Commission had adopted a master plan which affected the property involved. We commented that the procedure of stipulating as to events which occurred after the Council's action was without authority, and pointed out that the County Code provided for remand of the case to the Council after appeal, upon a proper showing that additional and material evidence should be taken. But Chief Judge Prescott said, for the Court:

> "However in the present case, we do not feel that the above requires a remand, since the action of the Council was supportable even had the facts contained in the stipulations been before them, and there is a very little, if any, possibility that the Council would have changed its action had those facts been before them. The change of the school site to another location on the subject property is of such minor importance that no more need be said about it. That the Commission's approval of the master plan after the Council's hearing would not have changed the Council's ac-

tion is obvious. The Council, at its hearing, had full knowledge that the Technical Staff and the Board had approved appellees' application. At, or before, the time of the hearing in the court below, the Council also had been informed of the Commission's action in approving the master plan, as is evidenced by its concurrence in the stipulation to that effect. It is clear that if the Council considered this action of the Commission of sufficient moment to reverse its decision on the application, it would not have continued to prosecute its appeal below, or taken an appeal here. Of course, the approval of a master plan by the Commission is a proper factor to be considered by the Council in its deliberation on an application for reclassification, but it does not compel the Council to grant a piecemeal rezoning. Sections 19-6, 59-80, 59-81, 59-83 of the Code of P.L.L. of Prince George's County (1963). If the Council had had this information at the time of its hearing, to consider with the other evidence produced before it, it still would not have rendered its action clearly erroneous and not fairly debatable." 239 Md. at 156-57.

As *Meltzer* strongly indicates, the approval of a master plan by the Planning Commission, while the plan is a factor to be considered by the Council, does not give rise to a presumption that there is a change in conditions or mistake in the original zoning. The plan does not take the place of the zoning in the Council's existing comprehensive plan, or shift the burden of proof upon the opponents of the proposed reclassification as to mistake or change.

We have repeatedly held that there is a strong presumption of the correctness of original zoning, and that to sustain a piecemeal change therefrom, there must be strong evidence of mistake in the original zoning, or else of a substantial change in conditions. *MacDonald v. Board of County Comm'rs for Prince George's County*, 238 Md. 549, 555, 210 A. 2d 325 (1965) and cases therein cited. The presumption holds in this case, not as to the master plan, but as to the comprehensive

zoning map of the Council, in which the application here involved sought to make a piecemeal change.

The appellees, in support of the legal conclusion of the lower court, cite *Trustees of McDonogh Educational Fund v. Baltimore County,* 221 Md. 550, 561, 158 A. 2d 637 (1960). There we upheld the action of the lower court in dismissing a suit in equity to have declared invalid the action of the County in classifying certain property as business major or residential. The map involved in that case, we found, was comprehensive. The presumption of correctness which we held was applicable applied to the map adopted by the County, the legislative body, not the map of a planning commission or other advisory group.

The appellees also cite an opinion of Judge Loveless in another zoning case in the Circuit Court for Prince George's County, in which he took judicial note that the master plan had been under study for several years, that the plan was needed because the whole area had been undergoing rapid development and population explosion, and that the cost of the plan had been great. These facts go to the value of the master plan as a guide to the Council, but only the General Assembly could give the Commission the right to put the plan into effect as a comprehensive zoning map for the district. This the legislature has not done. The Council is still the legislative body which has the sole authority to zone or rezone.

## II

The appellees contend that, in any event, the action of the Council in denying their application was arbitrary and capricious. The record, we find, does not support their contention.

The report of the Technical Staff, recommending approval of the application, which was adopted by the Commission, was based upon the master plan, which projected its proposals to expected population growth and expansion to the year 2000. Such a projection is valuable as a guide for the future, but it was the present facts and circumstances to which the Council properly looked in deciding whether piecemeal rezoning should be allowed. The appellees stress the fact that the property involved is only about one-half a mile from the District of Columbia line, but the testimony before the Council showed that

the area in question is, at present, surrounded by farms and single family residences. The Technical Staff's report pointed out that a parcel a short distance from the property here involved had been zoned for apartments. That rezoning was in 1951; it is undisputed that the property for which rezoning had been granted is still unimproved.

The testimony of the appellees' expert witnesses before the Council placed weight upon the suitability of the requested rezoning under the master plan, as though that plan were determinative. It was not. The appellees' experts also testified generally as to the desirability of the property for use as apartments. But that the use of property in accordance with a proposed rezoning may make for additional profits is not enough to justify the rezoning. *MacDonald, supra,* 238 Md. at 557 and cases therein referred to. There was some conflict in the testimony as to the grade of the property, but there was no substantial evidence to show that it was not economically feasible to use it for single family residences. No contention is made that the denial of the application constituted an unconstitutional taking of the property. See *Mayor and City Council of Baltimore v. Borinsky,* 239 Md. 611, 622-25, 212 A. 2d 508 (1965). There was conflicting testimony as to whether there was need for additional zoning for apartments in the area; whether there is a need is generally another way of looking at whether there has been a substantial change. See *West Ridge, Inc. v. McNamara,* 222 Md. 448, 457-58, 160 A. 2d 907 (1960), and *Temmink v. Board of Zoning Appeals for Baltimore County,* 205 Md. 489, 495, 109 A. 2d 85 (1954). In considering this aspect of the case, the Council could take into account the fact that the nearby property zoned for apartments for over a decade was still undeveloped.

For the opponents, there was testimony that the predominant change in the area was the building of new and better one-family houses, and that the building of the proposed apartments would cause a decline in property values. Substantially all the testimony was confined to the issue of whether there had been a change in conditions; no material evidence was offered by the appellees as to an original mistake.

As we said in *Sampson Brothers (Md.), Inc. v. Board of*

*County 'Comm'rs of Prince George's County,* 240 Md. 116, 213 A. 2d 289 (1965), the test is whether the action of the Council in declining to reclassify the property here involved as requested in the petition was arbitrary, unreasonable and capricious. Consideration of the entire record convinces us that it was clearly debatable as to whether or not there was any substantial change in conditions as applied to the particular property to justify a change in the comprehensive zoning map adopted by the Council.

> *Order reversed, and case remanded for the entry of an order affirming the action of the Council; appellees to pay the costs.*