POLINGER, ET AL. *v.* BRIEFS, ET AL.

[No. 496, September Term, 1965.]

*Decided December 6, 1966.*

*Motion for rehearing filed December 23, 1966, denied January 3, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*C. Edward Nicholson* and *Hal Lackey* for appellants.

*William S. Green* for Henry W. Briefs, et al., part of appellees; and *Edmund B. Clark,* with whom were *Edwin L. Weisl, Jr., Assistant Attorney General, Roger P. Marquis* and *Thomas L. McKevitt, Attorneys, Department of Justice,* and *Thomas T. Kenney, United States Attorney* on the brief for the United States, other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The Circuit Court reversed the action of the Montgomery County Council of December 15, 1964, which rezoned some twelve and one-half acres in the Cabin John area of Montgomery County, situate between MacArthur Boulevard and the George Washington Memorial Parkway and overlooking the Potomac River, from R-90, single-family residential use, to R-30, low density multi-family zone, for garden, group-home and low profile apartment buildings, allowing four times the density of the R-90 zone. The area had been comprehensively rezoned in 1957 by the adoption of the Master Plan for the Cabin John Watershed and of the Sectional Map. The acreage here involved was zoned R-90. In 1961 the then owners of the property filed an application for rezoning to multi-family use but withdrew it after the Technical Staff and the Planning Board recommended disapproval. In its report the Technical Staff pointed out that there had been no change in the area since the comprehensive rezoning of 1957. In 1962 the present owners, then contract purchasers, filed an application for rezoning of the property to a classification permitting high-rise apartments. The application went to hearing by the District Council which agreed with

the recommendations of the Technical Staff and the Planning Board and denied the application. After reciting that it had thoroughly reviewed the voluminous evidence in the case, the Council made for the record (which was introduced in the present proceedings as an exhibit) specific findings that there had been no error in the promulgation of the comprehensive rezoning of 1957 "as to this property," and that "there has been no change in the character of the single-family residential development to justify the granting of this application." An appeal was taken but was dismissed before a hearing was had.

In 1964 the present application was filed. Again the Technical Staff and the Planning Board recommended disapproval, finding no mistake or change. The evidence for the applicants before the District Council came from a professional land planner whose opinion was that a mistake had been made in 1957 because the comprehensive zoning had zoned the area in accord with its very predominantly single-family use and had omitted a few scattered small commercial uses and one apartment house across MacArthur Boulevard, so as to make these uses nonconforming, with the hope that they would some day terminate. The alleged mistake arose, he claimed, from the fact that by 1964 these nonconforming uses had not disappeared. There was no evidence whatsoever of any change in the area between 1957 and 1964.

The District Council made no finding as to mistake. On change it said:

"The Council finds that there has been a sufficient change in the character of the neighborhood to warrant the reclassification of the subject property to the R-30 zone. The Council disagrees with recommendations of the Planning Board and its Technical Staff for the reasons set forth above."

The appellants argue that the record before the Council made the matter fairly debatable, particularly as to mistake, and that the Circuit Court erred in substituting its judgment for that of the Council. The opinion of the land planner that there had been a mistake in 1957 was no more persuasive than the reasons he gave for it and we think the reasons offer no basis for

a finding of mistake. Further, the Council implicitly reaffirmed its finding of no mistake in 1962 by making no reference to or finding of mistake in its 1964 Resolution. It based its 1964 action in rezoning solely on change. The record was completely devoid of any evidence of change. We agree with Judge Mathias that the action of the Council could not stand, lacking as it did any factual support, and thus was arbitrary and capricious. *Baker v. Montgomery County,* 241 Md. 178; *Strickler v. Bd. of County Comm'rs,* 242 Md. 290.

Further indication of the arbitrary and capricious nature of the rezoning by the Council is the fact that in 1962 it found no evidence of change in the single-family residential development of the area which would justify rezoning for multi-family density but in 1964, without any change in circumstance, fact or applicable law, it found change sufficient to sustain a rezoning for fourfold residential density. This can amount to no more than the mere impermissible change of mind or heart which was condemned in *Kay Const. Co. v. County Council,* 227 Md. 479, and *Schultze v. Montgomery County Bd.,* 230 Md. 76. See also *Mettee v. County Comm'rs,* 212 Md. 357, 365-66; Cohen, *Maryland Administrative Law,* 24 Md. L. Rev. 1, 20-24, and *cf. Alvey v. Hedin,* 243 Md. 334; *The Chatham Corp. v. Beltram,* 243 Md. 138; *Woodlawn Assoc. v. Board,* 241 Md. 187.

Much ado was made by appellants as to the lack of standing of the United States of America, an appellee (which is said to own MacArthur Boulevard and the Memorial Parkway), as an aggrieved person, and its claimed unwarranted influence in bringing about the reversal in the trial court. Without intending to suggest agreement or disagreement, to any extent, with these claims of the appellant, we find no need to pass on them. There are in the case various individual appellees who own adjacent or nearby lots and whose standings as aggrieved persons are not challenged. The points and arguments they presented below and here control the disposition of the case, so that the questions of status and influence of the United States are immaterial and without significance.

*Order affirmed, with costs.*