RAGAN, ET AL. *v.* HILDESHEIM, ET AL.

[No. 544, September Term, 1966.]

*Decided October 12, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, MCWILLIAMS, FINAN, JJ., and CLAPP, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Johnson Bowie,* with whom was *David N. Bates* on the brief, for appellants.

*L. Robert Evans* for appellees.

HORNEY, J., delivered the opinion of the Court.

The only question posed by the appeal in this Baltimore County zoning case is whether or not the reclassification of land from one zone to another constituted such change as was fairly debatable.

The rezoned property is an undeveloped tract of approximately fourteen acres located on and bounded by Sollers Point Road, Johnson Avenue and Delvale Boulevard in the twelfth district of the county. Topographically the tract is low-lying and swampy and subject to flooding during periods of heavy rainfall. At the time of the adoption of the comprehensive zoning map on May 1, 1956, the land in question was zoned R-6 (residence, one and two family) but it had not been developed for such use.

The zoning commissioner declined to reclassify the property. The board of appeals, in reversing the commissioner, granted reclassification to R-A (residence, apartments). In so doing the board found that there had been substantial change in the neighborhood since the adoption of the 1956 map, that there was error in the original zoning and that the cost of developing the property as theretofore classified would be prohibitive. The circuit court affirmed the board and this appeal followed.

The proponents-appellees are Herbert Hildesheim and his wife, former owners of the property, and the Dun Lea Apartments, the corporate contract purchaser, which plans to build garden type apartments on the premises. The protestants-appellants are Mrs. Franklin Ragan and several other residents of the neighborhood.

When the 1956 zoning map was adopted, Delvale Boulevard was not in existence. At the hearing before the board of appeals, a surveyor and engineer (Augustine F. Miller) testified that he was then a member of the board of county commissioners and that if a plan to construct the boulevard was in exis-

tence, he had no knowledge of it. He further testified that there was error in the original zoning because it would have been impossible to build R-6 homes on the tract even at that time. He also specified at least twelve zoning changes in the surrounding neighborhood which, along with the construction of Delvale Boulevard, he thought were substantial enough to warrant reclassification.

A real estate broker (Frederic P. Klaus), not only confirmed the testimony of the former county commissioner as to change, but testified that in his opinion the highest and best use of the land was for residential apartments.

A consulting engineer and traffic expert (Joseph D. Thompson), whose firm had designed Delvale Avenue to service the school property, was of the opinion that its construction had completely changed the picture from that which had previously existed. He further testified that without the boulevard it would not have been feasible to build apartments on the property in question because the use of Sollers Point Road and the narrower streets in the vicinity would have presented quite a problem and created traffic congestion. Subsequently, the proponents and protestants stipulated that traffic was not a problem to be considered.

The president of Dun Lea Apartments (A. Michael Hooke), citing estimated costs to substantiate his opinion, testified that the overall cost made R-6 development of the property economically prohibitive. He stated that he was willing to do whatever was necessary to clear up the drainage situation, including the installation, suggested by another witness, of a box culvert running through the entire tract to carry off storm water.

The principal objection of the protestants (as expressed by Geraldine Marrah, a long time resident of the neighborhood), seems to have been based on the fear that the flooding conditions would be worsened. An expert in the sewer and drainage field (Jerome B. Wolff), testifying on behalf of the protestants, was of the opinion that construction of apartments might increase the runoff of surface water but that it would not increase it more than development of the property for R-6 homes.

Since the record clearly indicates substantial change in the neighborhood, it is unnecessary for us to consider whether there

was original error in the zoning or confiscation by reason of prohibitive development costs.

The courts, of course, do not undertake to substitute their judgment for that of the zoning agency and as long as the decision of the zoning authority is not arbitrary or capricious, it will be allowed to stand. See *Agneslane, Inc. v. Lucas,* 247 Md. 612, 233 A. 2d 757 (1967).

We think the change in the character of the neighborhood brought about by the construction of Delvale Boulevard together with the zoning changes that had been granted, all of which changes occurred subsequent to the comprehensive zoning plan, were sufficiently substantial to make the decision of the board of appeals fairly debatable. *Bosley v. Hospital for Consumptives,* 246 Md. 197, 227 A. 2d 746 (1967); *Board of County Commissioners of Howard County v. Turf Valley Associates,* 247 Md. 556, 233 A. 2d 753 (1967).

*Order affirmed; appellants to pay the costs.*