AGNESLANE, INC. *v.* LUCAS, ET AL.

[No. 545, September Term, 1966.]

*Decided October 12, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, McWILLIAMS and FINAN, JJ., and CLAPP, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Donald N. Rothman,* with whom were *Lewis A. Kann, Gordon, Feinblatt & Rothman, William B. Davidson* and *Stuart R. Wilcox* on the brief, for appellant.

*Thomas P. Neuberger* for appellees.

FINAN, J., delivered the opinion of the Court.

In March of 1965, Agneslane, Inc. petitioned the Baltimore County Zoning Commissioner for reclassification of a fifty-four acre tract of unimproved land from R-6 (one or two-family residential use) to R-A (residential use apartments). In May, the deputy commissioner held a hearing and the following month he granted the reclassification. This decision was appealed to the County Board of Appeals which reversed the deputy commissioner and in a two-to-one decision denied the requested reclassification. Agneslane then appealed to the Circuit Court for Baltimore County at which time the appellees, Marshall L. Lucas, et al., entered appearances as intervenors, pursuant to Rule B 9 of the Maryland Rules of Procedure. That court, on September 26, 1966, filed a memorandum opinion affirming the action of the Board of Appeals in denying the reclassification.

Appellant raises the same points here as it did in the court below. It contends that evidence before the Board of Appeals conclusively established the existence of original mistake in the comprehensive zoning map, adopted by the County Council in 1962, and substantial change in the neighborhood since that time. Although the Board's denial concededly does not amount to confiscation [1] appellant would nevertheless have us hold that when such evidence of change or mistake is so conclusive that the issue is not fairly debatable, and a reclassification is shown to be in the public interest, the Board's refusal to grant the requested classification is both arbitrary and capricious and that this Court must reverse such a denial. For reasons which will be discussed at length, we hold that, considering the record as a whole the issue of original error or change was fairly debatable, there was sufficient evidence presented before the Board to support its conclusion, and therefore the court below correctly refused to reverse the Board's ruling.

---

1. The fact that rezoning may result in the realization of greater profits from the use of the land is not sufficient justification for rezoning. See Board of County Comm. of Prince George's County v. Kay, 240 Md. 690, 695, 215 A. 2d 206 (1965); Board of County Comm. of Prince George's County v. Edmonds, 240 Md. 680, 689, 215 A. 2d 209 (1965); Baltimore City v. Borinsky, 239 Md. 611, 622, 212 A. 2d 508, 514 (1965); MacDonald v. Board of County Comm. of Prince George's County, 238 Md. 549, 556, 210 A. 2d 325 (1965).

In order to fully understand the evidence presented on the issue of mistake or change, it will be necessary to describe in some detail the area within which the subject property is located. The tract lies in the First Election District of Baltimore County, between the communities of Woodlawn and Westview, and is roughly rectangular in shape. The north side abuts on the right of way of the proposed interstate highway 70-N; the west side borders on Clarke Boulevard (also known as Woodlawn Drive); the south side borders the Johnnycake Junior High School; and the entire eastern line borders an existing R-6 zoned development known as Catonsville Manor. It should also be noted that the land south of Catonsville Manor, known as the Reiblich property, is undeveloped and zoned R-6, and that a petition for reclassification of this property to R-A was denied at the same time the Board denied the instant application. South of the junior high school, across Johnnycake Road is located another R-6 development, Westview Park. Across from the western side of the subject property, on the opposite side of Clarke Boulevard, still another undeveloped tract of R-6 land lies, and it extends all the way to the Baltimore Beltway. Out of this last tract, the County purchased a 3-acre site at the corner of Clarke Boulevard and Johnnycake Road and in 1965 it constructed a fire station there. Directly north of the property, across from the I-70-N right of way lies the huge Social Security Office complex, extending from I-70-N north to Security Boulevard. This highway runs east toward Baltimore and west about one-half mile to intersect the Baltimore Beltway. Between Clarke Boulevard and the Beltway, on both sides of Security Boulevard, is a 500-acre tract zoned industrial and designated as the Meadows Industrial Park.

In order for the appellant to be successful on this appeal it must show that the record compiled at the hearing before the Board of Appeals, considered as a whole, presented such evidence of error in the original zoning, or substantial change in the character of the neighborhood of the subject property since the adoption of the comprehensive zoning map, as to so firmly establish the fact of change or mistake that its existence was not fairly debatable. The Court is of the opinion that the appellant failed to do this.

Appellant contends that although the two primary roads now bordering the land, Clarke Boulevard and I-70-N, may have been indicated on the 1962 zoning map, their exact locations were not certain and did not become certain until shortly before construction began sometime after 1962. Therefore the effect of these roads on the subject property was not considered by the County Council when it approved the map, and the subsequent reorientation of the tract toward the industrial and institutional uses north of 70-N constituted a material change. However, the evidence presented before the deputy zoning commissioner, including testimony from appellant's own witness, established that the county had precisely planned the route of the roads and that their locations were anything but uncertain. In fact, the original 1957 deed for the junior high school land from the owner of the reversionary interest in the subject tract, Ragan M. Doub, to the County Board of Education, made a call to the center line of the proposed Clarke Boulevard. It is highly unlikely that the County would have accepted the call had the exact location of the street been uncertain.

It is true that Mr. Charles Steinbock, Jr., a member of the Board of Appeals in 1962, testified that the exact locations of the two roads were *not* determined until after approval of the map. However, this testimony, together with the other evidence before the zoning commissioner, did no more than create a fairly debatable question of change, which may not be reviewed.

Arguably, the fact that I-70-N may not have been completely planned by 1962 is of little importance to the subject tract. That highway is, of course, a limited access highway. To enter it from the subject property, one must go north on Clarke Boulevard, then west on Security Boulevard, then south on the Beltway to the I-70-N interchange, total distance of more than a mile and a half. In fact, the greatest influence the highway might have on the property is to effectively insulate it from the industrial park and Social Security to the north. Appellant agues that, even though these two complexes were on the map in 1962, the expansion of Social Security in purchasing 53 additional acres for another office complex, and the rapid growth of the Meadows Industrial Park, both constitute an intensifica-

tion of use which amounts to a change. This Court in *Meginniss v. Trustees of the Sheppard and Enoch Pratt Hospital,* 246 Md. 704, 229 A. 2d 417 (1967) gave recognition to the intensification of institutional uses in a residential neighborhood as an element of change; however, *Meginniss* is readily distinguishable from the instant case, as there was no insulating line of demarcation between the institutional uses and the residential neighborhood as afforded in the case at bar.[2]

The new firehouse does not amount to a change in the neighborhood. If such public safety services were confined to areas of higher intensity uses, large residential sectors would be virtually unprotected. Further, as Mr. Campbell V. Helfrich, an expert real estate appraiser, testified, the proximity of the firehouse to the residential homes has produced higher property values.

Appellant's theory of original error in the 1962 comprehensive zoning map is based almost entirely upon the conclusions of its witnesses Hoffman and Willemain. They were of the opinion that the County Council underestimated the number of people who would be occupying the "Western Planning Area" of the County in which the present tract is situated, and thus it provided insufficient R-A zoned acreage to house the unexpected influx. To arrive at this conclusion, witness Hoffman, an expert demographer, testified that the 268.27 acres zoned R-A in 1962 (of which only 36% has been developed by the 1966 hearing) were inadequate for the projected population of the "Woodlawn-St. Agnes housing market area." However, as the Board of Appeals noted, this "Woodlawn-St. Agnes housing market area" was Mr. Hoffman's own creation, and as a matter of fact, he extended it westward to include hundreds of acres of undeveloped farm land which may or may not be built up within the next ten years. It should also be noted that Mr. Steinbock testified that he did not think that the County Council committed error when it adopted R-6 classification for the subject property on the Western Area Map in 1962. It was not error, therefore, for the Board to give little weight to the evidence of mistake.

2. See Board of County Commissioners of Prince George's County v. Kines, 239 Md. 119, 124, 210 A. 2d 367, 370 (1965).

The burden of proof facing one seeking a zoning reclassification is quite onerous. In *Shadynook Improvement Assn. v. Molloy*, 232 Md. 265, 269, 192 A. 2d 502, 504 (1963), Chief Judge Brune, speaking for the Court, stated the burden thusly:

> "* * * there is a strong presumption of the correctness of original zoning and of comprehensive rezoning, and that to sustain a piecemeal change therefrom, there must be strong evidence of mistake in the original zoning or in the comprehensive rezoning or else of a substantial change in conditions."

See also *Mack v. Crandell*, 244 Md. 193, 223 A. 2d 248 (1966); *Pallace v. The Inter City Land Co.*, 239 Md. 549, 212 A. 2d 262 (1965); *Pahl v. County Board of Appeals of Baltimore County*, 237 Md. 294, 206 A. 2d 245 (1965); *Montgomery County v. Ertter*, 233 Md. 414, 197 A. 2d 135 (1964). Also in *Kracke v. Weinberg*, 197 Md. 339, 347, 79 A. 2d 387, 391 (1951), this Court stated:

> "The presumption as to the original ordinance would be that the zones were well planned and arranged and were to be more or less permanent, subject to change only to meet genuine changes in conditions."

The appellant contends that it not only met the burden of overcoming the presumption of the correctness of the original zoning but so firmly established the existence of change and mistake as to have extinguished grounds for reasonable debate to the contrary. A review of the evidence reveals this to be a gratuitous assumption.

The testimony in this case covers over 500 pages and a consideration of the complete record convinces the Court that there was substantial evidence produced at the hearing to support the finding of the Board and to cause the issue of change or mistake to be matter for reasonable debate. Under these circumstances the lower court had no choice but to affirm the decision of the Board.

The test to be applied on appeal to the Circuit Court, when the evidence before a zoning appeal board presents material facts which are fairly debatable, was aptly stated by Judge Ham-

mond (now C.J.) when speaking for the Court in *Board v. Oak Hill Farms, Inc.*, 232 Md. 274, 283, 192 A. 2d 761, 766 (1963):

"* * * whether a reasoning mind could reasonably have reached the result the agency reached upon a fair consideration of the fact picture painted by the entire record."

See also *Board of County Commissioners of Howard County v. Turf Valley Associates*, 247 Md. 556, 233 A. 2d 753 (1967); *Ragan v. Hildesheim*, 247 Md. 609, 233 A. 2d 761 (1967); *Stocksdale v. Barnard*, 239 Md. 541, 212 A. 2d 282 (1965); *Dal Maso v. Board of County Commissioners*, 238 Md. 333, 209 A. 2d 62 (1965); *DePaul v. Board of County Commissioners*, 237 Md. 221, 205 A. 2d 805 (1965).

It is irrelevant in this case that the appellant produced evidence which may have moved reasonable men to decide contrary to the decision reached by the majority of the Board. This Court in the past has said:

"We have consistently held that the fact the zoning body, on the record before it, had the legal authority to grant the petition for reclassification if it had deemed such action proper, does not mean the action denying the application is to be reversed, when the decision is supported by substantial evidence and is not arbitrary or capricious."

*Board of County Commissioners for Prince George's County v. Farr, et al.*, 242 Md. 315, 322, 218 A. 2d 923, 927 (1966).

Also in *County Council for Montgomery County v. Gendleman*, 227 Md. 491, 498, 177 A. 2d 687, 690 (1962), the legal effect produced by the "fairly debatable" quality of the issues was assessed by this Court as follows:

"Even if there were facts which would have justified the Council in rezoning the property, this would not of itself prove the denial of rezoning illegal. There is still the area of debatability, and one who attacks the refusal of rezoning must meet the heavy burden

of proving that the action of the legislative body in refusing it was arbitrary, capricious or illegal."

The appellant in its effort to carry the day argued forcefully that although the law in Maryland regarding the issues of change and mistake, as presented to a zoning body, may be grounded to the test of what is "fairly debatable," yet, on the issues of compatability of use, public welfare and demarcation lines, the Court should adopt the test of whether the petitioner's version is supported by the clear weight of the evidence. However, since we find that the Board had not acted arbitrarily or capriciously in arriving at the findings on the issue of mistake or change, it is not necessary to consider the effect of matters which come into play only in the event the fact of change or mistake is affirmatively found by the Board. We are however mindful of the language used by this Court in *Furnace Branch Land Co. v. Board of County Commissioners,* 232 Md. 536, 194 A. 2d 640 (1963), wherein this Court said at p. 539:

> "Change in conditions may justify the amendment of the existing zoning ordinance * * * but it does not necessarily compel it. Even as in original zoning, rezoning must be in the general public interest for the promotion of the health, safety and welfare of the community, as well as in the individual interest of the land owner."

For the reasons hereinbefore set forth, the order of the lower court sustaining the finding of the County Board of Appeals is affirmed.

*Order affirmed, with costs.*