LEROUX, ET AL. *v.* BALTIMORE, ET AL.

[No. 682, September Term, 1966.]

*Decided November 20, 1967.*

*Motion for rehearing filed on November 24, 1967; denied on December 5, 1967.*

The cause was argued before HAMOMND, C. J., and MARBURY, MCWILLIAMS, FINAN AND SINGLEY, JJ.

108

*Robert L. Burchett,* with whom were *James R. Miller, Jr.* and *Miller, Miller & Canby* on the brief, for appellants.

*Vincent L. Gingerich,* with whom was *Joseph Schap* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal is from the Circuit Court for Montgomery County which reversed a resolution of the Montgomery County Council, sitting as the District Council for the portion of the Maryland-Washington Regional District located in Montgomery County, Maryland, granting appellant's request to rezone Lot 35 of Block 45 of the Carroll Manor Addition to Takoma Park from R-60 (one-family detached residential) to C-1 (local commercial). Originally the application for rezoning covered both Lots 35 and 36 but the applicants were permitted to withdraw their request as to Lot 36 without prejudice.

Preceding the hearing before the County Council, the technical staff of the Maryland-National Capital Park and Planning Commission issued a report recommending that the application for rezoning be denied pointing out that "this area is covered by the Master Plan for Takoma-Langley Park and Vicinity and it is recommended that the area remain in its present single-family residential classification." However, the Montgomery County Planning Board recommended approval of the requested reclassification on the ground that the area had been given a commercial character by commercial zoning on the opposite side of Carroll Avenue.

Both the appellants and the Mayor and City Council for Takoma Park appeared at the hearing before the Council by their respective attorneys. Certain statements were made by counsel for the applicants who introduced plats and photographs into evidence, but no testimony was taken. The County Council adopted the reasoning set forth by the Planning Board and by its resolution granted the application for rezoning. The appellees here appealed to the Circuit Court for Montgomery County alleging that the individuals were property owners within sight of and within one block of the subject property. The Mayor

and City Council joined in the petition for appeal alleging that it has the responsibility of the orderly development of land within its corporate limits and is responsible also for regulating traffic and providing police and fire protection within the city. In reversing the Council, Judge Shure noted from the statements that had been made before the Council, that the entire block was presently and was at the time of the adoption of the master plan made up completely of residential single family dwellings; that there had been no change in the character of the neighborhood; and that there was no mistake in the adoption of the original master plan. He also noted that there was no evidence before the Council that justified its resolution, since only the statements of attorneys for the parties were before the Council, that the appellees were aggrieved parties, and that the action of the Council was arbitrary, capricious and without any legal justification. We find ourselves unable to say that the trial judge was clearly erroneous in making his findings of fact or that he erred in applying the laws.

The appellants argued in their brief and before us that the appellees had no standing in the court below as they were not aggrieved parties. To this end they cite cases that say that being in proximity to the rezoned property or being in sight of it is not alone sufficient to justify the striking down of the action of the zoning authority. These cases are clearly distinguishable on their facts. In *DuBay v. Crane,* 240 Md. 180, 213 A. 2d 487, it was found that the nearest of the parties who claimed to be aggrieved was 1500 feet from the subject property and on the opposite side of a beltway. In *Wilkinson v. Atkinson,* 242 Md. 231, 218 A. 2d 503, the subject property was also separated from the property of the complaining party by a beltway and was 750 feet away. In the instant case the properties of the appellants and of the individual appellees are located within the same block of a residential area and are separated by only 200 feet. The rule in effect in this state was set forth by Judge Horney in *Pattison v. Corby,* 226 Md. 97, 102, 172 A. 2d 490, where it was said: "* * * the text writers and the cases in this and other jurisdictions are in general agreement that an adjacent owner—in the sense of being near or close by —as well as an abutting owner, whose legal rights have been in-

fringed, is an aggrieved person." See also *Bryniarski v. Montgomery Co.,* 247 Md. 137, 230 A. 2d 289.

We need not decide the contention of the appellants that the City of Takoma Park was not an aggrieved party. Judge Shure did not rule on this question, having found that the individual appellants below were aggrieved parties and therefore had standing to appeal. In *Polinger v. Briefs,* 244 Md. 538, 541, 224 A. 2d 460, where it was contended that the United States lacked standing as not being aggrieved, Chief Judge Hammond said: "There are in the case various individual appellees who own adjacent or nearby lots and whose standings as aggrieved persons are not challenged. The points and arguments they presented below and here control the disposition of the case, so that the questions of status and influence of the United States are immaterial and without significance."

The present case is closely analogous to that of *Polinger,* where the Court affirmed an order of the Circuit Court for Montgomery County reversing the action of the Council in rezoning certain property from R-90 (Single-family residential) to R-30 (low density multi-family apartments). In both cases appellants in this Court argued that the evidence made the action of the Council at least fairly debatable and thus not subject to reversal by the Circuit Court since it was not arbitrary and capricious. In *Polinger* this Court found that there had been no mistake in the original zoning classification, that no change had taken place since the original classification, and that the action of the Council was therefore arbitrary and capricious and subject to reversal. See also *Agneslane, Inc. v. Lucas,* 247 Md. 612, 233 A. 2d 757. The same is true in the instant case. There was no evidence before the Council of any changes that had taken place in the area such as would warrant a reclassification, and, in fact, only statements of attorneys in the case were heard by the Council. Counsel for the city stated that there had been no change in the nature of the area involved since 1938. It was shown from plats and photographs that the property on the opposite side of the street was utilized for various commercial enterprises. It was also brought out that these enterprises had been in operation for a number of years, but this does not change the situation. It is consonant with the procedure followed in

zoning areas to have a street be the dividing boundary between zones of different classifications. As this Court said in *Stocksdale v. Barnard,* 239 Md. 541, 548, 212 A. 2d 282: "We have held in past cases that a street or road may be a natural boundary line between two zones."

Not only has there been no change in the area but there was no evidence that there was any mistake made when the master plan setting up the zoning in the area was adopted. This is supported by the fact that requests to rezone the subject property commercial have been turned down twice before, and in this case the technical staff of the Maryland-National Capital Park and Planning Commission recommended that the application be denied as it did not conform with the master plan and "that there is sufficient commercially zoned land in the immediate vicinity of the application to adequately serve the area." There is great reluctance to rezone property in the absence of evidence that such a deviation is compelled by a change of conditions or a mistake as to the original zoning designation. In the recent case of *Bd. of Co. Comm'rs v. Edmonds,* 240 Md. 680, 215 A. 2d 209, we said: "We have repeatedly held that there is a strong presumption of the correctness of original zoning, and that to sustain a piecemeal change therefrom, there must be strong evidence of mistake in the original zoning, or else of a substantial change in conditions."

Based upon the record before us and the applicable law as indicated by our prior decisions we think Judge Shure was correct in reversing the District Council's rezoning of the subject property.

*Order affirmed with costs.*