## BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY *v.* WALCROFT ET AL.

[No. 171, September Term, 1960.]

*Decided April 3, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert B. Mathias,* with whom were *Russell W. Shipley* and *Lionell M. Lockhart* on the brief, for the appellant.

*William B. Stevenson,* with whom was *Roscoe H. Parker* on the brief, for the appellees.

PER CURIAM.

The County Commissioners of Prince George's County, acting as the District Council for the Maryland-Washington Regional District of that County, rezoned a tract of land with a frontage of some four hundred feet on the south side of Old Annapolis Road at 65th Street from residential to local commercial for a depth of two hundred fifty feet of its much greater depth. On appeal the Circuit Court ordered that the depth zoned commercial be increased by two hundred feet to four hundred fifty feet, and the County Commissioners appealed to this Court.

The entire frontage along the north side of Old Annapolis Road in the area is zoned commercial to a considerable depth and almost all the frontage on the south side, except for the tract in question, is likewise zoned commercial, to a depth of two hundred fifty feet. The technical staff of the Planning Board of the Park and Planning Commission, in its report, noted that beginning in 1952 there had been created "a rib-

bon type commercial pattern," along Old Annapolis Road for several miles in this neighborhood and that adjacent to the property under consideration (and with it constituting an entire block along Old Annapolis Road) were lots with a commercial depth of two hundred fifty feet, occupied respectively by a clothing store and a shoe store. The report indicated disapproval in the abstract of strip zoning, and deprecated its establishment since 1952 along this part of the Old Annapolis Road, but felt that a denial of commercial use altogether would be arbitrary and recommended the rezoning to local commercial of the subject property to the same depth as other lots along the south side of the road. The land to the south of the strip of commercial land is zoned residential and the two hundred fifty foot depth of commercial is uniform on the south except for two lots, several blocks from the property in question, which earlier were given a commercial depth of four hundred fifty and five hundred feet, respectively.

The report of the technical staff was approved and adopted by the Planning Board. The District Council considered on the one hand, the report and the recommendation and the testimony of neighbors, and on the other, the claims of the new owner of the property and the real estate broker who had sold it and the individual opinion of a Park and Planning Commission employee, that commercial zoning to a depth of five hundred feet would permit a more utilitarian and profitable use of the lot, and adopted the recommendations of the Board.

The Laws of Maryland (1959), Chap. 780, Sec. 79(i), applicable to Prince George's County, provides that the Circuit Court, on appeal from a final decision of the District Council, may reverse or modify because the Council's findings, inferences, conclusions or decisions are illegal, arbitrary or capricious or, among other things, are unsupported by or are against the weight of "competent, material and substantial evidence in view of the entire record."

Judge Marbury concluded that "the decision of the District Council was arbitrary, capricious and illegal" because

the case of *Pressman v. Mayor and City Council of Baltimore,* 222 Md. 330, had held, he thought, that strip zoning was bad as a matter of law. The *Pressman* opinion noted that expert opinion was that strip zoning had not met the test of time and changed motoring and shopping conditions, but the extent of the holding was only that a rezoning which tended to eliminate strip zoning was not arbitrary or unlawful. The action of the Circuit Court in rezoning the property was unwarranted.

There was no claim below and no holding that the action of the District Council was against the weight of the competent, material and substantial evidence, although the appellee at the argument suggested that this was so. Our reading of the record convinces us that had the claim been made below, it would not have been sustainable.

*Order reversed, with costs, and action of District Council affirmed.*