# GERACHIS *v.* MONTGOMERY COUNTY BOARD OF APPEALS ET AL.

[No. 285, September Term, 1970.]

*Decided March 3, 1971.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*William E. Gallagher, Jr.,* for appellant.

*H. Christopher Malone, Assistant County Attorney,* and *Adam J. Wojciak, Jr., Assistant County Attorney,* with whom were *David L. Cahoon, County Attorney,* and *Alfred H. Carter, Deputy County Attorney,* on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

The appellant, Dr. Platon L. Gerachis, is the owner of residential property located at 12015 Falls Road and Victory Lane in the subdivision known as Beverly Farms, Potomac, Maryland. Since 1966 he has engaged in the practice of dentistry at this location which he also uses as a residence, purportedly, pursuant to Section 111-7a of the Zoning Ordinance, which permits a professional office in a single family dwelling where the practitioner resides.[1] On December 5, 1968, the appellant filed a petition for a special exception under Section 111-37. q-1 of the Montgomery County Zoning Ordinance to permit the construction of an addition to an existing dwelling and for its use as a medical clinic in Case No. 2530. The Board of Appeals (Board) on May 20, 1969, denied the petition and the appellant filed an appeal to the Circuit Court for Montgomery County. Judge Kathryn J. Shook affirmed the action of the Board and the appeal to this Court followed. We are of the opinion that the decision of the lower court should be affirmed.

---

1. The County has challenged the validity of this use in Equity No. 34800 in the Circuit Court for Montgomery County, since it is of the belief that Dr. Gerachis' true residence is 8003 Post Oak Road where his wife and children reside. However, this issue is not before us in the present case.

Case No. 2530 is the third attempt by appellant to use a one-story residential dwelling for a medical treatment facility. This identical property was the subject of two previous petitions before the Board of Appeals in Case Nos. 2112 and 2165. In Case No. 2112 appellant was denied a special exception for a dental clinic on December 20, 1966, and in No. 2165 a special exception for a medical practitioner's office was denied on March 20, 1967. Both denials were based on findings that the use would have adverse and detrimental effects upon residents in the area, and would create hazardous traffic conditions on Falls Road and Victory Lane.

At the hearing in the present case Dr. Gerachis testified that he proposed to remove an existing wing and add a new two story structure which would increase the height of his house from a single-story to 35-50 feet, and the floor space from 1,500 to 6,000 square feet. The present structure would be expanded to accommodate the maximum need of 7 professional practitioners and a staff of 14 members, which would service an estimated 110 patients daily and for which activity thus generated there would be 30 parking spaces available. Traffic would ingress and egress by Falls Road and Victory Lane, the closest entrance being 10 feet from Falls Road. On cross-examination he admitted that since the 1966 denial of the application for the dental clinic there had been no major changes in Falls Road, nor any straightening of the road, and that he considers Falls Road to be a traffic hazard.

Appellant was questioned by the Board regarding the previous denials and specifically asked by the Chairman what changes had taken place in two years to permit such an intensive use. Appellant declined to answer, stating this question would be answered by his expert. In this regard, appellant's expert, Mr. Buford Hayden, did not specifically elucidate as to changes but testified in general terms as to the growth of the area. In *Westview Park v. Hayes*, 256 Md. 575, 581, 261 A. 2d 164 (1970), we again repeated our oft-stated observation that an expert's opinion is of no greater probative value than the soundness

of the reasons upon which it is based. See also *Dill v. The Jobar Corp.*, 242 Md. 16, 23, 217 A. 2d 564 (1966). The Board in its opinion made the following comment:

> "Except for the proposed more intense use of the subject property, the subject application for a medical-dental clinic for up to seven doctors and dentists, represents basically the same request as Case No. 2112 which the Board denied on December 20, 1966. Case No. 2165, for a medical practitioner's office (a less intense use) on the same property was denied by the Board on March 21, 1967."

At this juncture of our opinion, without going further, we could well rely on *Gaywood Assn. v. Metropolitan Transit Authority,* 246 Md. 93, 227 A. 2d 735 (1967), and *Whittle v. Board of Zoning Appeals,* 211 Md. 36, 125 A. 2d 41 (1956), in affirming the lower court's action in sustaining the Board. We have said in the past that an "about face" by an administrative board, without any material change in facts and conditions upon which the earlier decisions were based (as would have been the situation in the present case had the Board granted the request) would constitute an impermissible change of mind demonstrating "arbitrary, unreasonable and capricious conduct amounting to a denial of due process of law." (See concurring opinion in *Gaywood Assn., supra,* at 102.)

However, viewing the case in its broader aspects, we are of the opinion (as was the lower court) that there was ample evidence before the Board upon which to base its decision and, at the very least, there was sufficient testimony from both sides to render the issue of whether the use would meet the requirements of the ordinance fairly debatable. Accordingly, the decision of the Board should be upheld. *Eger v. Stone,* 253 Md. 533, 542, 253 A. 2d 372 (1969). See also *Chapman v. Montgomery County,* 259 Md. 641, 649, 271 A. 2d 156 (1970); *Tauber v. County Board of Appeals,* 257 Md. 202, 212, 262 A. 2d 513 (1970); *Wells v. Pierpont,* 253 Md. 554, 557, 253 A. 2d

749 (1969) ; *Helfrich v. Mongelli,* 248 Md. 498, 505-506, 237 A. 2d 454 (1968) ; *Agneslane, Inc. v. Lucas,* 247 Md. 612, 620, 233 A. 2d 757 (1967) ; *Board of County Commissioners of Prince George's County v. Oak Hill Farms,* 232 Md. 274, 283, 192 A. 2d 761 (1963).

Dr. Gerachis testified that the traffic generated by the enlarged medical facility would be negligible and that he considered his property as a sort of buffer zone. Mr. Hayden, a land planning consultant, who was the appellant's expert witness, testified that he did not think the proposed medical clinic would be detrimental to the use and development of the adjacent properties or adversely affect the general plan or the health and safety of residents of the area. He estimated that five doctors and a laboratory technician would handle 17 patients per hour which would generate some 320 vehicle trips per day. He admitted there were no houses as large as the proposed use in the immediate vicinity and that the subject site had no sidewalks for pedestrian safety either on Falls Road or Victory Lane.

The opposition produced Mr. Herman Hartman, a real estate broker, as a witness, who testified that the 30 to 40 vehicle trips per hour to be generated from the proposed clinic would have a deleterious effect on property values in this wholly residential neighborhood. He further expounded that the proposed use was incompatible with the existing single-story dwellings in the subdivision on one acre lots. He also voiced the opinion that the left turning of southbound traffic from Falls Road onto Victory Lane would impede the southbound flow of traffic on Falls Road and create a hazard and local nuisance.

Mrs. Harvey Haines and Mrs. Walter Selig, neighboring property owners, both testified that they thought the intensified use to be created by the proposed clinic would have a detrimental effect on the value of their properties. Mrs. Selig also thought the architect's rendition of the proposed building to be "modern ugly," which did not please her, as it was within view from her home.

Dr. Michael K. Ochi, who has his doctorate in engi-

neering and who is the owner of the property adjoining the subject property, testified that turning into the property from Falls Road was dangerous because of the narrowness of the road, lack of shoulders, and the presence of two curves and a hill. He produced photographs which were introduced into evidence showing that Victory Lane narrows to 11½ feet. He further testified that the use would be detrimental to the adjoining properties and the general neighborhood. Mrs. Ochi testified as to the lack of need for dentists in the vicinity.

In sum, the evidence produced by the adversaries fits the classic pattern of the "fairly debatable" cases.

The Board specifically found that:

"* * * Falls Road is still a narrow road and the traffic situation would be worsened by a more intense use of the subject property. In addition the Board finds that the proposed use would affect adversely the health and safety of residents or workers in the area and would be detrimental to the use and enjoyment of the adjacent properties in the general neighborhood. The Board further finds that the proposed structure is out of size and character with the residential nature of the surrounding neighborhood."

Certainly on the basis of these findings the Board in denying the petition, complied with the law as set forth in Section 111-35 and Section 111-37. q-1 of the Montgomery County Zoning Ordinance.[2]

---

2. Montgomery County Code (1965) Vol. III, Section 111-35 provides:

"A special exception may be granted when the Board, or the Director, as the case may be, finds from a preponderance of the evidence of record that:

"(1) The proposed use does not affect adversely the General Plan for the physical development of the District, as embodied in this Ordinance and in any Master Plan or portion thereof adopted by the Commission; and

"(2) The proposed use at the location selected will not:

"(a) adversely affect the health and safety of residents or workers in the area;

"(b) overburden existing public services, including

Before leaving our discussion of those issues which were fairly debatable we would point out that the evidence which the appellant presented regarding the generation and flow of traffic came from Mr. Hayden who is a land planner and not a traffic specialist, and accordingly, his testimony on this issue was not entitled to any greater weight than that of the appellee witnesses, Mr. Hartman or Dr. Ochi. It should also be noted that this Court has previously affirmed the denial of special exceptions in Montgomery County based solely on the evidence of hazardous traffic conditions creating a nuisance. See opinions written for the Court by Judge Barnes in *Eger v. Stone, supra,* and *Tauber v. Montgomery County Council, supra.*

The appellant made a commendable effort to bring his case within the purview of our recent decision in *Rockville Fuel and Feed Company, Inc. v. Board of Appeals of Gaithersburg,* 257 Md. 183, 262 A. 2d 499 (1970) ; however, only by an impermissible overreaching could the facts come within the ambit of *Rockville Fuel.* This Court in *Rockville Fuel* held that the protestants against the special exception presented no real evidence to support

water, sanitary sewer, public roads, storm drainage, and other public improvements;
"(c) be detrimental to the use or development of adjacent properties or the general neighborhood; nor change the character of the general neighborhood in which the use is proposed considering service required, at the time of the application, population density, character, and number of similar uses; and
"(3) The standards set forth for each particular use for which a special exception may be granted have been met.
"(b) The applicant for a special exception shall have, the burden of proof, which shall include the burden of going forward with the evidence and the burden of persuasion on all questions of fact which are to be determined by the Board or the Director."
Section 111-37. q-1. "Medical and Dental Clinics," reads in part:
"(1) In any Residential Zone except R-E and R-H a medical or dental clinic upon a finding by the Board that such use will not constitute a nuisance because of traffic, noise or physical activity and that such use will not affect adversely the present character or future development of the surrounding residential community, subject to the following specific conditions: * * *."

their contention that the use would be detrimental to the neighborhood and in disharmony with the comprehensive plan, but only testimony supporting a dislike and fear of the project. Chief Judge Hammond in writing the opinion for the Court stated:

> "* * * If the evidence makes the question of harm or disturbance or the question of the disruption of the harmony of the comprehensive plan of zoning fairly debatable, the matter is one for the Board to decide. But if there is not probative evidence at all of harm or disturbance in light of the nature of the zone involved or of factors causing disharmony to the operation of the comprehensive plan, a denial of an application for a special exception is arbitrary, capricious and illegal." 257 Md. at 191.

In the instant case there was evidence and more than a "scintilla" (*Kirkman v. Montgomery County Council*, 251 Md. 273, 277-278, 247 A. 2d 255 (1968)), which rendered the issues of whether the use was in harmony with the general purpose and intent of the comprehensive zoning plan, whether it would create a nuisance because of an intensified flow of traffic, and whether it adversely affected the neighborhood and the general residential plan of development, fairly debatable.

*Order affirmed, appellant to pay costs.*