PLANT ET UX. *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY

[No. 397, September Term, 1970.]

*Decided May 12, 1971.*

*Motion for rehearing filed June 9, 1971; denied June 24, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Harry E. Taylor, Jr.,* with whom were *Taylor, Euwer & Smith* on the brief, for appellants.

*Albert J. Lochte, Associate County Attorney,* with whom were *Lionell M. Lockhart, County Attorney,* and *Harry L. Durity, Deputy County Attorney,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The Prince George's County Board of County Commissioners, sitting as the District Council, has denied an application to rezone for commercial use the 0.5 acre homesite of the appellants, Walter A. and Anna Lanham Plant of Lanham, Maryland. The property's location at the back edge of a commercial strip along a jumble of intersecting highways is both the reason for the requested zoning (good business spot) and its denial (serious traffic congestion). In reviewing this action, the Circuit Court for Prince George's County (Bowie, J.) determined that the findings and conclusions of the District Council as based on the record were fairly debatable and hence not clearly erroneous. The trial judge commented that the application might well have been granted were the choice his but we agree with and affirm his ultimate conclusion that in such a case the court may not substitute its judgment for that of the zoning authorities.

The subject property is located some 300-400 feet north of Defense Highway (Route 450) on the west side of Princess Garden Parkway, a narrow two lane road slated for widening in the near future. It is roughly square in shape and, according to the appellants, it is "sandwiched" between a 3.6 acre church complex on its north side and a 4.5 acre motel tract on the south. The motel, which is presently under construction, faces out on Defense Highway but its actual south and west property lines run with an entrance ramp to the Capital Beltway. The ramp itself begins at the Princess Garden Parkway corner. The church property, which is L-shaped and consists of a parsonage and congregation hall in a park-like setting, also borders on the entire back line of the Plants' home where it forms a common boundary with the motel property. The Plants' and the church's southern boundaries, then, constitute the line between the commercial land to the south and a rural residential area to the north along the west side of Princess Garden Parkway. The church, it should be noted, is a permissive use in an R-R zone. Section 13.1 Prince George's County Zoning Ordinance (1968). Across the street from the Plants on the east are two vacant residential lots and a small part of another lot which had been rezoned for commercial use in 1968. This lot is also vacant, though an automobile agency is planned for it, and for the most part it lies further to the south along the Parkway than the Plants' property. Behind all three of these parcels, but not bordering on the Parkway, is a large undeveloped commercial tract which had also been rezoned to commercial in 1968. Above this on the north is a thickly populated residential area. Below it on the south and facing on Route 450 is a row of older shops that extends from Princess Garden Parkway for a short distance to Lanham-Severn Road, which feeds into this crossroads at a shallow angle from the northeast and creates a fork with Defense Highway. According to an average daily traffic count from 1967, introduced by the appellants, 22,500

vehicles passed over this multi-laned segment of Defense Highway, while 3,350 utilized Princess Garden Parkway.

In view of the population growth in the general surrounding area and the obvious trend toward commercial development at this intersection, the Maryland-National Capital Park and Planning Commission as well as its technical staff, the District Council and the Circuit Court all agreed that there had been a sufficiently substantial change in the character of the neighborhood to justify rezoning. Needless to say, the appellants have not challenged this conclusion. The problem is, as we have noted recently in *Messenger v. Bd. of Co. Comm'rs*, 259 Md. 693, 704, 271 A. 2d 166 (1970), "this merely *permits* the legislative body to grant the requested rezoning but does not *require* it to do so." Although the Planning Commission and its technical staff recommended the commercial zoning *only on the condition* that the property not be developed as a drive-in or carry-out restaurant or as a service station, the County Commissioners determined that rezoning was not compelled "because it would increase the traffic congestion at the intersection of Princess Garden Parkway and Defense Highway." Conditional zoning is permitted under § 59-83 (g) of the Prince George's County Code, as amended by Chapter 471 of the Laws of Maryland 1968.

The appellants have raised objections in regard to the competency and effect of the evidence regarding traffic, the alleged arbitrariness involved in granting nearby commercial zoning but denying their application, and the unconstitutionally confiscatory nature of the denial of their request. To sustain these charges they must overcome the heavy burden of showing that the District Council's action was arbitrary, capricious, or illegal. *County Council v. Gendleman*, 227 Md. 491, 498, 177 A. 2d 687 (1962) ; *accord, Board v. Farr,* 242 Md. 315, 321, 218 A. 2d 923 (1966) and *Messenger v. Bd. Co. Comm'rs, supra* at 703-04. We see nothing of the sort in this case.

Dealing first with the claimed unconstitutional taking

of the appellants' property, we fail to see how they have been denied all reasonable use of their land in its present zoning status, which is the standard for evaluating such a contention. *Cabin John Ltd. v. Montgomery Co.,* 259 Md. 661, 670, 271 A. 2d 174 (1970) ; *Tankersley v. Montgomery Co.,* 230 Md. 379, 382, 187 A. 2d 302 (1963) and cases cited in each. After all, the appellants are living there and can continue to do so. To some extent they have been isolated from other homes but we do not accept their statement that all the surrounding properties have been zoned commercial and that they must suffer the diminished value of their land while they wait for the county to improve the intersection. To this we comment that the church next door and lots directly across the street from them are not commercial and that profits lost from a failure to obtain favorable zoning is hardly an adequate basis to upset the Council's decision as unconstitutional. As Judge Finan has said for the Court in *Helfrich v. Mongelli,* 248 Md. 498, 502-03, 237 A. 2d 454 (1968) :

> "Undoubtedly, the appellees would enjoy a greater economic gain from the sale or use of the property under an R-A classification; however, this Court has repeatedly held that the fact that rezoning may result in the realization of greater profits from use of the land or that hardship may follow from the retention of the existing classification is not sufficient justification for rezoning."

Also see, *Zoning Bd. of Howard Co. v. Kanode,* 258 Md. 586, 596, 267 A. 2d 138 (1970).

It is true that other nearby properties were rezoned for commercial use and that at least those parcels which bordered on Princess Garden Parkway would contribute to the traffic problem. This is a persuasive argument that should have been addressed to the Council, which is given by law the authority to make these decisions. To quote

again from *Messenger v. Bd. Co. Comm'rs,* "The drawing of the line between zones is a function of the legislative body and the fact that the legislative body has rezoned an adjoining or nearby property does not *require it to rezone* the property under consideration." 259 Md. at 703.

If there was any question about the existence of traffic congestion at this intersection, we think the appellants have remedied this deficiency by introducing the traffic count and we cannot say from the record that the Council's recognition of a traffic problem was not fairly debatable. It is true, as appellant notes, that the Council erroneously thought the Planning Commission's technical staff opposed rezoning because of traffic. But it is not true that the staff or the Planning Commission was unaware of the congested intersection, for both would have prohibited high traffic volume uses from occupying the property. This was plainly an issue in the case and we are hardly prepared to say that the Council had the burden of proving to the appellants that freeing their property for commercial development would not further complicate the traffic pattern at the crossroads. As we understand the administrative process the burden is on the applicant to do this. *Messenger v. Bd. Co. Comm'rs, supra* at 706. We cannot say that the Council's legitimate concern for limiting traffic congestion could not be taken into account in refusing to change a pre-existing zoning boundary. *See Gerachis v. Mont. Co. Bd. of Appeals,* 261 Md. 153, 158, 274 A. 2d 379 (1971).

*Order affirmed. Costs to be paid by the appellants.*