260 So.2d 553 (1972)
Elbert MILES et al., Appellants,
v.
DADE COUNTY, Florida, by Its BOARD OF COUNTY COMMISSIONERS, and Theodore R. Wayne, Appellees.
No. 70-800.
District Court of Appeal of Florida, Third District.
February 29, 1972.
Rehearing Denied May 2, 1972.
*554 Pettigrew & Bailey, Miami, for appellants.
Stuart L. Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Horton, Schwartz & Perse, Miami, for appellees.
Before SWANN, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
This is an appeal by the petitioners below, from a judgment of the circuit court of Dade County denying their petition for certiorari, filed there to review a decision of the Board of County Commissioners amending the county's comprehensive zoning ordinance to liberalize the zoning on a certain tract of land.
The judgment of the trial court denying certiorari included the following findings and the conclusions of law, viz:
"The property in question is a ten-acre tract located in South Dade County, bounded on the north and east by single family zoning, on the south by duplex zoning, and on the west by an elementary school. The property is sandwiched between a predominantly white area on the north and a predominantly black area on the south. There is a great need in this area for low and medium rent housing. The apartments are expected to be an FHA rent supplement program. The RU-3M zoning granted by the Commission's resolution conforms to the County's master use plan. The property is conveniently located for water and sewage, bus line and shopping facilities.
"The petitioners contend that the resolution is arbitrary, unreasonable, is not `fairly debatable' constitutes spot zoning, will result in materially damaging adjoining property, and constitutes a taking of petitioners' property without due process of law.
"There were some differences or conflicts in the evidence but there was sufficient competent evidence to support the reasonableness of the resolution. Since there is a basis in the record to support the reasonableness of the resolution, it is therefore fairly debatable and should be sustained. Courts are not at liberty to substitute their judgment for that of the legislative body just because they may differ with the result. It is only when there is a lack of competent substantial evidence to support the legislative action or a clear departure from the essential requirements of the law that courts are justified in setting aside legislative action. This is not such a case."
The appellants contend the judgment was erroneous, and that the court should have granted certiorari and quashed or reversed the decision of the county commission because, as appellants argue, the commission's decision was arbitrary, unreasonable and discriminatory; constituted spot zoning; was incompatible with the existing zoning and plan for development of the area; and inconsistent with prior decisions of the commission upon similar applications.
The zoning change authorized in this instance would permit planned low income apartment use of the property, to accommodate approximately 125 living units. Whether this zoning change constituted spot zoning, which is universally condemned as a zoning practice, would appear to be a close question. The Zoning Appeals Board had so regarded it, and the board's recommendation was that the applied for zoning change should be denied. However, the county commission and the circuit court concluded otherwise, and we find no sufficient basis in the record to *555 disturb the judgment of the trial court which rejected that argument. Questions involved here are whether the matter upon which the county commission so acted was established by competent substantial evidence to be fairly debatable, and, if so, whether there was competent substantial evidence to support the decision reached by the legislative body on that fairly debatable matter. The trial court held in the affirmative thereon. Our examination of the record impels us to conclude that in so holding the trial court did not commit error.
Where the reasonableness of a zoning change effected by legislative action of a municipality or county board was fairly debatable and the decision thereon had adequate evidentiary support, a court called upon for review thereof should not negate the action by substituting its judgment for that of the legislative body. Bessemer Properties, Inc. v. Miami Shores Village, Fla.App. 1959, 110 So.2d 87; Dade County v. Epstein, Fla.App. 1966, 181 So.2d 556. The fact that the Zoning Appeals Board held a view as to the propriety of the zoning change, which was opposite to that subsequently taken by the county commission, did not serve to render the latter unreasonable, but on the contrary furnished indication that the matter was fairly debatable. As pointed out by the appellee, it was so held on that precise point by the Maryland court in Montgomery County Council v. Shiental, 1968, 249 Md. 194, 238 A.2d 912, 915.
Regarding appellants' contention that the zoning change was incompatible with the zoning plan for development of the area, there must be considered the scope of the legislative power of the commission in such matters, and, again, the effect thereon of the fairly debatable rule. The burden to show that amendatory zoning legislation is arbitrary and unreasonable is upon the party so contending. Metropolitan Dade County v. Kanter, Fla.App. 1967, 200 So.2d 624, 626.
The wisdom, or unwisdom of such legislative action of the county board is not a concern of the court. Validity of such amendatory zoning legislation must depend upon the facts and circumstances of each case. Appellants referred to certain circumstances as to the zoning uses of the area in support of their contention here under discussion. Likewise, the appellees pointed to facts and circumstances relating to the nature of the improvements and uses of properties in the area, in support of their contention of propriety and reasonableness of the commission's action. On this record, we hold the appellants have not sustained their burden to show illegality of this legislative action of the county commission.
Prior policies or plans of development of an area as reflected by the zoning are not necessarily controlling on the legislative body. They may not operate to render invalid the application of new policies or plans for development to or in an area, when the latter reasonably may have become basis for new or amendatory zoning legislation relating thereto, because of needs arising from increased or shifting population, or for other reasons properly cognizable as affecting the zoning for an area. Siegel v. Adams, Fla. 1950, 44 So.2d 427; Sarasota County v. Walker, Fla.App. 1962, 144 So.2d 345; Oka v. Cole, Fla. 1962, 145 So.2d 233; Strandberg v. Kansas City, Mo. 1967, 415 S.W.2d 737.
For the reasons assigned the judgment is affirmed.
CHARLES CARROLL, Judge (dissenting).
I dissent from the decision of the court only because it is my opinion that this represents spot zoning, not justified on the evidence.