FRANK D. UPCHURCH, Jr., Judge.
Appellants Robert C. Hoffman, James C. Koehler, and Loren W. Houston, comprising a joint venture known as R.C.H. Investments, and Harry J. Stone appeal a declaratory judgment which held that the Board of County Commissioners acted lawfully in denying a requested zoning change.
Appellants petitioned the County Planning and Zoning Board to change the zoning classification of sixty acres of land in Brevard County situated between Long Point Park and Sebastian Inlet State Park. They planned to develop a travel trailer park on the property and a change of zoning from “General Use” (GU) to “Travel Trailer Park” (TTP) was necessary. The County Planning and Zoning Board recommended to the Board of County Commissioners that the application be denied because it failed to comply with the County Beaches Land Use Plan, would set an undesirable precedent and would be incompatible with present uses in the surrounding area.
The question raised on appeal is whether the trial court erred in finding that appellants’ application for the zoning change was not in conformity with the county’s land use plan and in ruling that appellee Board of County Commissioners properly denied the application.
Appellants contend that the requested zoning change conforms to the Beaches *446 Land Use Plan because the plan provides that the area in which appellants’ land is located:
Should be retained for public recreational uses in conjunction with limited transient camping facilities.
Appellee responds that the County Planning and Zoning Director testified that this language should be interpreted as meaning that the area be preserved for public recreation and open space and that a travel trailer park is a commercial development which cannot be viewed as a recreational development contemplated by the plan.
Zoning regulations are in derogation of private rights of ownership and should be interpreted in favor of the property owner and the words used should be given their broadest meaning absent a clear intent to the contrary. Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973); Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980). While the plan does not qualify as a zoning regulation in the sense that it is more a set of guidelines,[1] there is no logical reason why the Rinker principle enunciated above should not apply. There is no mention of a commercial/non-commercial distinction. Giving the broadest meaning to the language supports a finding that a commercial travel trailer park is encompassed within the plan.
However, the plan, being merely a set of guidelines, does not rigidly bind the Board of County Commissioners in zoning decisions. As stated in Miles v. Dade County Board of County Commissioners, 260 So.2d 553, 555 (Fla. 3d DCA 1972):
Prior policies or plans of development of an area as reflected by the zoning are not necessarily controlling on the legislative body. They may not operate to render invalid the application of new policies or plans for development to or in an area, when the latter reasonably may have become basis for new or amendatory zoning legislation relating thereto, because of needs arising from increased or shifting population, or for other reasons properly cognizable as affecting the zoning for an area.[2]
Therefore, since the Board of County Commissioners was not bound to rezone the property in strict adherence to the plan, the question is whether a reasonable or “fairly debatable” basis exists for the Board’s action. Wolff v. Dade County, 370 So.2d 839 (Fla. 3d DCA 1979). A zoning regulation will not be sustained unless it bears a substantial relation to the public health, safety, morals, or welfare. Allapattah Community v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980). One who seeks to set aside a particular zoning decision must clearly demonstrate that it is not even “fairly debatable” that no such relationship exists. Ailapattah at 392. Here, appellants merely claim that the evidence supporting the Board’s decision was primarily based upon citizen comments but they fail to establish in any way that the decision denying rezoning was not “fairly debatable.”[3]
*447 Therefore, the trial court’s finding that the Board’s decision had a reasonable and fairly debatable basis is affirmed.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.

. See section 14-61, Brevard County Code, which provides:
It is hereby declared that the intent and purpose of said plan is to provide an official guide and advisory planning tool for the orderly future development and use of land within said unincorporated beach area for use by the Board of County Commissioners of Brevard County, the Zoning Board of Bre-vard County [and other governmental boards and agencies],

. See also Wolff v. Dade County, 370 So.2d 839 (Fla. 3d DCA 1979), wherein the court affirmed the county’s refusal to order an applicant’s land be rezoned from an agricultural classification to one allowing residential development even though the county Master Land Use Plan designated this land for development.

.Appellants, in their brief, request that this matter be sent back to the Board of County Commissioners since the Board acted under the assumption that the application was not in compliance with the Land Use Plan. However, the Board decided to uphold the decision made by the County Planning Board that:
(1) The application did not comply with the plan;
(2) Approval would set an undesirable precedent; and
(3) The requested change would not be compatible with uses in the surrounding area.
*447 Therefore, the decision denying rezoning was based on more than the mere belief that the use would be incompatible with the plan.